HELEN PIVONSKI, PLAINTIFF, v. ISRAEL H. ALBERT, DOING BUSINESS UNDER THE TRADE NAME AND STYLE OF L. ALBERT & SON, DEFENDANT.

Argued May 23, 1938—Decided August 11, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff, *Samuel Koestler* and *Benjamin Nohemie.*

For the defendant, *Thomas A. Molloy* and *Albert B. Kahn.*

PER CURIAM.

Defendant moves for a rule to show cause why the venue should not be changed from Union county, where the plaintiff resides, to Mercer county, where the defendant resides. The same application was made to Mr. Justice Trenchard and was denied by him with permission, however, to renew the application before the court *en banc.*

Only two reasons are argued: First, that the plaintiff is an assignees for convenience, without interest, and that the real party in interest is a non-resident; second, that defendant's witnesses reside in the county of Mercer.

Defendant suggests no means by which a person with a cause of action may be prevented from assigning it, even though the assignment be for the purpose of bringing suit. See *Daniels* v. *Watson,* 11 *N. J. Mis. R.* 181. Whether nominal or otherwise, Helen Pivonski is the plaintiff in the action and she resides in Union county. No fraud is shown. No prejudice to the defendant is made apparent. No proof is placed before us whereby the necessity upon the defendant of bringing his witnesses to Elizabeth will, under all the circumstances of the case, be an injustice.

The argument is largely based upon apprehension that the practice of making assignments of causes of action by non-

residents may be prejudicial to the rights of resident defendants. When circumvention of justice becomes the object or may be the result, the courts will meet the question. That question is not now before us.

The application is denied, with costs.